Citation Nr: 1554502 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 07-39 442 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUES

1. Entitlement to service connection for residuals of a back injury, to include as secondary to posttraumatic stress disorder (PTSD). 

2. Entitlement to service connection for a respiratory disability, to include as secondary to PTSD. 

3. Entitlement to service connection for residuals of a concussion or traumatic brain injury (TBI), to include as secondary to PTSD. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Carole Kammel, Counsel
INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from July 1974 to July 1980.

This appeal comes before the Board of Veterans' Appeals (Board) from a
September 2005 rating decision by the Department of Veterans Affairs (VA)
Regional Office (RO) in Des Moines, Iowa. 

In a November 2011 decision, the Board, in part, reopened previously denied claims of entitlement to service connection for pulmonary emphysema, residuals of a cerebral concussion, low back disability, and remanded the underlying service connection claims to the RO for an additional VA examinations. The requested VA examinations were conducted in January 2012. 

In December 2013 and November 2014, the Board remanded the matters on appeal to the RO for additional development. The requested development has been completed and the appeal has returned to the Board for further appellate consideration. 

Also developed for appellate consideration was the issue of entitlement to an acquired psychiatric disability, to include depression, anxiety and/or posttraumatic stress disorder (PTSD). By a March 2015 rating action, the RO granted service connection for PTSD; a 50 percent evaluation was assigned, effective September 30, 2004--the date VA received the Veteran's initial claim for compensation for this disability. This represents a complete grant of the benefit originally sought. Thus, the Board does not have jurisdiction over this issue. See Grantham v. Brown, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997) (Board cannot possess jurisdiction over an issue where a rating decision constituted a full award of the benefit sought on appeal). Thus, the only issues remaining for appellate consideration are the ones listed on the title page. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the Board finds that another remand is warranted with respect to the issues on appeal in order to comply, in part, with the Board's November 2014 remand directives and to obtain addendum opinions as to the etiology of the low back and respiratory disabilities and residuals of a concussion, each to include as secondary to PTSD. The Board will discuss each reason for remand with respect to each disability. 

i) Residuals of a Low Back Injury 

In November 2014, the Board remanded the claim for service connection for a low back disability, to include as secondary to the service-connected PTSD. As for the direct service connection component of the claim, the Board requested that a VA physician opine, as to each low back disorder diagnosed on examination, whether there was a 50 percent or better probability that the back disorder was present in service and if so, did it clearly and unmistakably exist prior to the Veteran's entrance onto active duty. Concerning any disorder that was found to have clearly and unmistakably preexisted the Veteran's entrance into military service, the examiner was requested to provide an opinion as to whether the low back disorder "[c]learly and unmistakably" underwent no chronic increase in severity during or as a result of service. The VA examiner was asked to provide supporting rationale for all opinions expressed. (See November 2014 Board remand at pages (pgs.) 10-11)). 

VA examined the Veteran in February 2015. (See February 2015 VA spine examination report). The wording of the February 2015 VA physician's opinion did not answer the questions posed by the Board in its November 2014 remand directives. After a physical evaluation of the Veteran and a review of the record, a VA physician diagnosed the Veteran with remote spina bifida occulta noted in the [examination] request, but not on current (then) x-rays and congenital hyperlordosis of sacrum. As to their etiology, the VA examiner opined, in pertinent part, that the Veteran's incidental finding of spina bifida occulta, and congenital variant of anatomy were absolutely clearly and unmistakably " PRECEDING AND IS NOT DUE TO OR RESULT OF SERVICE." As to the aggravation component of the claim, the VA examiner concluded "NOR is there any back condition found in the medical record that is a permanent aggravation of a pre-existing condition, such as the condition noted above." (i.e., spina bifida occulta and congenital hyperlordosis of sacrum.)

The February 2015 VA examiner did not use the appropriate standard as to the aggravation component of the claim and, thus, did not answer the etiology questions posed by the Board in November 2014. The VA examiner opined that there was no "permanent aggravation" of a pre-existing condition, not whether any current low back disorder "clearly and unmistakably" underwent no chronic increase in severity during or as a result of service. In Kinnaman v. Principi, 4 Vet. App. 20, 27 (1993), the United States Court of Appeals for Veterans Claims (Court) held that anything less than absolute certainty in a medical opinion was not sufficient to constitute clear and unmistakable evidence to rebut the presumption of soundness. Here, the VA examiner's language, although certainly expressing some degree of conviction, does not satisfy the "onerous" and "very demanding" clear-and-unmistakable-evidence standard. 

A remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). Failure of the Board to ensure compliance with remand instructions constitutes error and warrants the vacating of a subsequent Board decision. Id. The Court has clarified that only substantial compliance, and not strict compliance, with the terms of an opinion request are required. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). In any event, the Court routinely vacates Board decisions based on this situation. 

The Board also finds the February 2015 VA physician's opinion inadequate for evaluation of the Veteran's claim because she failed to provide any reasoning for her opinion. Additionally, she failed to address the Veteran's complaints of low back pain during service, to include after she had fallen from a chair while screwing in a light bulb in November 1976. An assessment of two contusions was entered at that time. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (stating that a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two); see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions").

Thus, in view of the foregoing, the Board finds that the RO must obtain a VA addendum opinion (another VA examination is not necessary) from the February 2015 VA spine examiner with regard to the Veteran's low back disorders, on the basis of aggravation of a disorder that may have preexisted service. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006); see also 38 U.S.C.A. § 5103A(d)(2) (West 2014); 38 C.F.R. § 3.159(c)(4) (2015). 

In June 2015, the same VA physician who examined the Veteran's low back in February 2015 (Dr. J. C.), provided an opinion on the secondary service connection theory of the claim. The February 2015 VA physician opined that, "There is no medical evidence that her back condition was caused by or aggravated by, her symptoms of PTSD which were denied on previous claims, but then granted secondary to MST, for which no identifiers are found." (See June 2015 VA opinion). The Board finds this opinion to be inadequate in evaluating the secondary service connection component of the claim for service connection for a low back disability because it is based on a faulty premise, namely that there were no identifiers for the Veteran's military sexual trauma. By a March 2015 rating action, the RO granted service connection for PTSD based on the Veteran's credible reports of her in-service military sexual trauma. (See March 2015 rating action). In view of the foregoing, the Board finds that a remand is also necessary in order to obtain an addendum opinion that addresses the secondary service connection theory of the claim for service connection for a low back disorder and provide an adequate rationale for any conclusions. 

Therefore, the Veteran's electronic record will be returned to the VA physician, who authored the February 2015 VA spine examination report and June 2015 opinion, to provide an addendum opinion as to the secondary service connection component of the claim for service connection for a low back disability. See 38 C.F.R. § 4.2 (2015) (if the findings on an examination report do not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes). If the February 2015 VA examiner is no longer available, another qualified VA clinician will provide the addendum opinion. Another VA examination is not necessary in the present case. 

ii) Respiratory Disability

The Veteran seeks service connection for a respiratory disability. She contends, in part, that she has a respiratory disability that is secondary to her diagnosed psychiatric disability, PTSD. As noted above, a VA physician (Dr. J. C.) opined in June 2015 that "There is no medical evidence that her respiratory condition was caused by or aggravated by, her symptoms of PTSD which were denied on previous claims, but then granted secondary to MST, for which no identifiers are found." (See June 2015 VA opinion). For reasons outlined above, the Board finds this opinion to be inadequate in evaluating the secondary service connection theory for the claim for service connection for a respiratory disability. (Parenthetically, the Board observes that a January 2012 VA clinician provided an adequate opinion as to the direct service connection theory of the claim). Thus, the Board finds that a remand is also necessary in order to obtain an addendum opinion from the VA physician who authored the June 2015 opinion (Dr. J. C.) that addresses the secondary service connection theory of the claim for service connection for a respiratory disorder. 

ii) Residuals of a concussion or traumatic brain injury (TBI).

The Veteran seeks service connection for residuals of a concussion or TBI. She asserts she has cognitive deficits due to an in-service concussion. The Veteran first filed for entitlement to service connection for an in-service head injury approximately two weeks after separating from service.

In its November 2014 remand, the Board noted that a May 2009 VA polytrauma support clinic evaluation report included the evaluating psychiatrist's opinion that the Veteran's current presentation had been significantly influenced by a TBI decades ago. The psychiatrist related that a history of TBI might predispose an individual to developing dementia later in life. Likewise, according to the Board, a VA examiner opined in January 2012 that the Veteran's in-service concussion was likely mild and that it did not have any chronic affects. Conversely, an August 2008 VA treatment record with subsequent addendum indicated that a physician had suspected that the Veteran had pseudodementia since her symptoms had been present since 1977. Thus, in view of the conflicting evidence regarding the etiology of any currently (then) identifiable residuals of cerebral concussion to the in-service cerebral concussion, the Board remanded the claim for an additional VA examination with opinion. 

In response to the Board's November 2014 remand directives, VA examined the Veteran in February 2015. (See February 2015 VA neurology examination report). After a physical evaluation of the Veteran and review of the evidence of record, to include the above-referenced evidence, the VA neurologist concluded that the in-service head trauma without loss of consciousness or compromise was responsible for, or associated with, the Veteran's ongoing cognitive issues, which were primarily issues with concentration and attention. The VA neurologist further opined that the Veteran's issue with attention was most often associated with interference by stress, anxiety and depression, which the Veteran had attributed to her military sexual trauma. The February 2015 VA neurologist stated that the Veteran's MST was not under consideration in the current appeal. 

In light of the VA neurologist's finding that the Veteran's problem with attention was often associated with psychiatric problems, such as depression and anxiety, which the Veteran had attributed to her MST, which was the basis of the RO's award of PTSD, the Board finds that the record has raised the issue of entitlement to service connection for residuals of a concussion or traumatic brain injury (TBI), as secondary to the service-connected PTSD. As this theory of entitlement has been raised by the record, the Board finds that that the RO must obtain a VA addendum opinion (another VA examination is not necessary) from the February 2015 VA neurologist with regard to the Veteran's residuals of a concussion manifested by problems with concentration and attention as secondary to the service-connected PTSD. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006); see also 38 U.S.C.A. § 5103A(d)(2) (West 2014) ; 38 C.F.R. § 3.159(c)(4) (2015). 

Accordingly, the case is REMANDED for the following action:

1. Secure a VA addendum opinion from the VA physician, who authored the February 2015 VA spine examination report and June 2015 opinion. If the February 2015 VA physician is no longer available, another qualified VA clinician must provide the addendum opinion. (Another VA examination is not necessary, as diagnoses of spina bifida occulta (remote), degenerative joint disease and congenital hyperlordosis of sacrum are already established). The electronic record must be made available for review for the examination and the addendum report must state whether such review was accomplished. 
 
The February 2015 (and June 2015) VA physician (Dr. J. C.), or other qualified VA clinician, must provide an addendum medical opinion separately answering the following questions as they relate to each low back disability diagnosed during the appeal period (i.e., diagnoses of spina bifida occulta (remote), degenerative joint disease and congenital hyperlordosis of sacrum):
 
 (i) Is it "undebatable" or "obvious" or "absolutely certain" or "clear and unmistakable" that the Veteran had a low back disability prior to entering military service in July 1974 ( i.e., a preexisting low back disorder)? 
 
(ii) If the Veteran did have a preexisting low back disability prior to military service, is it "undebatable" or "obvious" or "absolutely certain" or "clear and unmistakable" that this low back disability did not permanently increase in severity beyond its natural progression during her military service from 1974 to 1980? In responding to this question, the February 2015 VA physician (Dr. J. C.) or other qualified physician must comment on service treatment records reflecting that the Veteran was seen on several occasions for low back pain, to include an assessment of two contusions in November 1976. 
 
(iii) In making the above determinations, the VA examiner must directly answer the above questions as written. It is essential the VA examiner utilize the appropriate language. Previously, the February 2015 VA physician (Dr. J. C.) had stated that there was no back condition found in the medical record that was a "permanent aggravation of a pre-existing condition" instead of whether there was clear and unmistakable evidence that it was NOT aggravated by service beyond its natural progression.

(iv) The February 2015 VA physician (Dr. J. C.), or other qualified clinician, must provide opinions as to the following question as it relates to the secondary service connection components of the claims for service connection for low back and respiratory disabilities.

(v) Is it as least as likely as not (50 percent probability or greater) that any low back and/or respiratory disability is due to or has been aggravated by (permanently worsened beyond natural progression) the service-connected PTSD? 

In answering this question, the examiner is hereby informed that the Veteran's service-connected PTSD is based on her credible reports of MST, as determined by the RO in its March 2015 rating action). 
 
If aggravation is found, the examiner finally shall opine, if possible, as to (i) the baseline level of any low back and/or respiratory disability prior to aggravation; and, (ii) the current level of that specific disability.

(vi) The February 2015 VA physician (Dr. J. C.), or other qualified clinician, must provide a complete explanation (rationale) for his or her respective opinion. If any opinion cannot be provided without resort to mere speculation, the respective examiner shall provide a complete explanation for why this is so. In so doing, the examiner specifically shall indicate whether or not the inability to render the opinion is the result of a need for additional information or of the limits of current medical knowledge having been exhausted. 

2. Secure a VA addendum opinion from the VA physician, who authored the February 2015 VA neurological examination report. If the February 2015 VA neurologist is no longer available, another qualified VA clinician must provide the addendum opinion. (Another VA examination is not necessary, as diagnoses of residuals of a concussion with problems with attention and concentration are already established). The electronic record must be made available for review for the examination and the addendum report must state whether such review was accomplished. 

The February 2015 VA neurologist or other qualified VA clinician, must provide an addendum medical opinion separately answering the following question:
Is it at least as likely as not (50 percent or greater probability) that the Veteran's residuals of a concussion manifested by problems with attention and concentration were caused or permanently worsened beyond their natural progression by his service-connected PTSD? 

If such aggravation is found to exist, the examiner should provide an assessment, if possible, of the baseline level of impairment of the Veteran's residuals of a concussion manifested by problems with attention and concentration prior to aggravation, and then provide quantification, if possible, of the level of additional impairment above and beyond this baseline level imposed by the service-connected PTSD. 

A complete rationale should be given for all opinions and conclusions, expressed in a typewritten report. 

If the February 2015 VA neurologist (or other qualified clinician) cannot provide an opinion without resort to speculation, the February 2015 VA neurologist (or other qualified clinician) must provide a rationale as to why this is so, and must indicate what if any additional evidence would permit an opinion to be made.

3. After completion of the foregoing, readjudicate the claims of entitlement to service connection for residuals of a low back injury, respiratory disability and residuals of a concussion manifested by problems with attention and concentration, each to include as secondary to service-connected PTSD.

If any benefit sought on appeal remains denied, the Veteran and her representative must be furnished a supplemental statement of the case and be given an opportunity to submit written or other argument in response before the electronic record is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).